UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

Keith F. McKinney, Sr.                                                                  Plaintiff

v.                                                                            No. 3:20-cv-677-BJB-RSE

Robert Bosch, LLC                                                                       Defendant

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Keith F. McKinney, Sr. is representing himself in a products-liability suit against Robert Bosch, LLC because he was allegedly "injured by a piece of metal from a Bosch tool." Complaint (DN 1-1) at ¶ 2. Bosch removed the case from Jefferson Circuit Court and moved to dismiss for a lack of personal jurisdiction and failure to state a claim. DNs 1, 8. McKinney did not respond to the motion within the 21 days allotted by Local Rule 7.1(c). Instead, two months after the motion's filing, he responded through a brief that "accept[ed] the jurisdiction of this court," at least with respect to "removal … based upon diversity jurisdiction," which McKinney stated he would "contes[t] in subsequent pleadings." DN 12 at 2. And McKinney filed no "subsequent pleadings." Bosch replied that McKinney's response was untimely and didn't address the substance of the motion to dismiss in any event. DN 13. The Court agrees with Bosch and grants the motion to dismiss.

First, McKinney failed to file a timely response to Bosch's motion to dismiss. Local Rule 7.1(c) requires that "a party opposing a motion must file a response within 21 days of service of the motion. Failure to timely respond to a motion may be grounds for granting the motion." When an opposing party fails to respond to a motion to dismiss, courts may deem the motion unopposed and grant it on that basis. *See Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) (affirming dismissal based on waiver in light of failure to respond); *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (same) (citing *Elmore v. Evans*, 577 F.2d 740 (6th Cir. 1978) (affirming dismissal based on untimely opposition alone)); *Vaughn v. Branch Banking & Tr. Co.*, No. 3:18-cv-444, 2019 WL 1290884, at *3 (W.D. Ky. Mar. 20, 2019) (violation of Local Rule 7.1(c) is sufficient but not automatic basis for dismissal). Because McKinney failed to respond within the required time and did not respond to the substance of Bosch's motion even in his untimely response, Bosch's motion to dismiss effectively stands unopposed and may be granted on that grounds alone.

Second, McKinney has not made out "a prima facie showing of [personal] jurisdiction." *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020). Instead, McKinney merely asserted legal conclusions without any factual

1

allegations. McKinney rested jurisdiction on "any" entity that had anything to do with the allegedly defective product having placed it in the "stream of commerce." Complaint at ¶ 5. He also argued that Kentucky's long arm statute applies because Bosch "transacted business" in and "derived substantial revenue" from Kentucky. ¶¶ 7–8. In light of these barebones allegations, McKinney concluded that Bosch "has certain minimum contacts within the State of Kentucky such that maintenance of this action does not offend traditional notions of fair play and substantial justice." ¶ 8. Even when read in the light most favorable to McKinney, his complaint never explains what contacts Bosch has in Kentucky, how it sells tools, whether it has a physical presence or advertises here, or how McKinney obtained the tool in question. And McKinney admits Bosch is incorporated and has its principal place of business elsewhere. ¶ 4; *see Daimler AG v. Bauman*, 571 U.S. 117, 122, 136–39 (2014). These pleadings, therefore, are hardly enough to make Bosch "at home" in Kentucky for general jurisdiction. *See Daimler AG*, 571 U.S. at 122, 136–39; *BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549, 1558–59 (2017) (huge presence not enough for general jurisdiction).

Nor has McKinney pled specific jurisdiction. Bosch would have had to "purposefully avail [itself] of the privilege of acting in the forum state," and that availment must've been connected to the injury at issue. *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). McKinney has not explained how Bosch has purposefully availed itself of the privileges of doing business in Kentucky—other than his conclusory allegations that Bosch does business and makes revenue in the state, and that it placed the product in the "stream of commerce." Complaint at ¶¶ 5–9. Although placing a product in the stream of commerce may in some circumstances support jurisdiction, under the Sixth Circuit's "stream of commerce plus" test, a defendant "must do more than merely place a product into the stream of commerce." *Parker v. Winwood*, 938 F.3d 833, 840–41 (6th Cir. 2019) (defendant didn't "specifically direct[] the distribution" into the forum state). Again, McKinney makes no factual allegations about how Bosch distributes its products in Kentucky, how McKinney obtained the product, or whether McKinney could have obtained the product through a third party. *See Williams v. Romarm, SA*, 756 F.3d 777, 785 (D.C. Cir. 2014) (Reliance on "mere unilateral … activity of others … that takes place after the standard chain of distribution is complete … cannot satisfy due process"). Because McKinney's conclusory pleadings leave the Court without factual allegations on which to exercise personal jurisdiction, the Court must dismiss.

Third, even if that analysis is wrong and this Court does have personal jurisdiction over Bosch in this case, McKinney's complaint would fail for another reason: his complaint doesn't adequately plead his claim. "The threshold requirement of a products liability claim is identification of a product or instrumentality which causes an injury." *Collins v. Ansell Inc.*, No. 3:98-cv-259, 2003 WL 22769266, at *2 (W.D. Ky. Nov. 19, 2003). Absent "an identifiable instrumentality," the claim "rests in surmise or speculation." *Id.* (quoting *Rollins v. Avery*, 296 S.W.2d 214, 216–17 (Ky.

1956)); *see also Stevens v. Arch Wood Prot., Inc.*, No. 12-cv-46, 2016 WL 5660362, at *4–5 (E.D. Ky. Sept. 28, 2016).

But here, no specific allegations tie a particular Bosch product to the defendant. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009). McKinney provides only a few barebone allegations: he was injured by "a piece of metal from a Bosch tool," "a Bosch tool product," a "construction tool product," "metal from a defective tool and attachment," and a "construction tool and product with attachments." Complaint at ¶¶ 2, 10–21. McKinney asserts this product or products caused him to "los[e] vision in his right eye." ¶ 10. Nothing indicates what the product is, what the attachment is, how it was defective, or how it came to injure McKinney. It is also unclear how Bosch is connected to the product, as McKinney offers only the blunderbuss allegation that Bosch "manufactured, sold, distributed, constructed, designed, formulated, developed standards for, prepared, processed, assembled, tested, listed, certified, marketed, advertised, packaged, labeled, installed, or otherwise plac[ed] in the stream of commerce" the tool. ¶¶ 3, 5, 10, 12–16. At no point does the complaint state what Bosch actually did or how its activities caused McKinney's alleged injury. DN 8 at 1–2, 6–7. This conclusory legal assertion of liability is insufficient to state a factually plausible claim for products liability. *Iqbal*, 556 U.S. at 678–80.

So the Court grants Bosch's motion to dismiss. DN 8. A final judgment will follow.

Benjamin Beaton, District Judge
United States District Court

January 4, 2022